IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01185-BNB

REX GIFFORD BURTON,

    Plaintiff,

v.

FIDEL LUCERO, c/o Safeway,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 4 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Rex Gifford Burton initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a complaint pursuant to the Americans With Disabilities Act of 1990 (ADA). Mr. Burton has been granted leave to proceed pursuant to § 1915.

    The Court must construe the complaint liberally because Mr. Burton is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Burton will be ordered to file an amended complaint.

    The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Burton's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Burton merely alleges that a mental health center issued him a gift card from his Social Security income, that he was denied money orders to pay his bills, and that Safeway did not accept his gift card as payment for groceries or at the customer service or pharmacy departments. He fails to allege the reason or reasons he is suing the defendant. He also fails to allege how these assertions constitute an ADA claim and whether he has exhausted ADA administrative remedies before seeking federal court relief. In the Tenth Circuit, a plaintiff must exhaust his claims before the

2

Equal Employment Opportunity Commission (EEOC) as a prerequisite to federal court jurisdiction over his ADA claims. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

It is Mr. Burton's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendant nor the Court is required to do this work for him. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Burton should be given an opportunity to file an amended complaint that clarifies both his claims and his efforts to exhaust those claims before the EEOC. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Burton file **within thirty (30) days from he date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Burton, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Burton fails to file an amended complaint that

complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01185-BNB

Rex Gifford Burton
3100 Craft Way
Apartment # 215
Westminster, CO 80030

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/14/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk